UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : : |
| GARY A. COLLYARD, COLLYARD GROUP, LLC, PAUL D. CRAWFORD, CRAWFORD CAPITAL CORP., RONALD MUSICH, JOSHUA J. SINGER, MICHAEL B. SPADINO, MARKETING CONCEPTS, INC., AND CHRISTOPHER C. WEIDES, | : Civil Action No. 11-cv-3656 (JNE/JJK) : : : : : |
| Defendants. | : : |

**FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION
AND OTHER RELIEF AS TO DEFENDANT JOSHUA J. SINGER**

Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Commission") filed a complaint in this matter, and Defendant Joshua J. Singer ("Defendant") has, in his Consent hereto and incorporated herein (attached as Exhibit A), acknowledged receipt of the complaint and admitted the personal jurisdiction of the Court over him and over the subject matter thereof and, without trial, argument or adjudication of any facts or law herein, consented to the entry of this Final Judgment and Order of Permanent Injunction and Other Relief ("Final Judgment"), without admitting or denying the allegations of the complaint (except as to jurisdiction). The SEC and the Defendant have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and the Defendant has waived any right to appeal from this Final Judgment. The Court having jurisdiction over the parties and the

1

subject matter hereof, and being fully advised in the premises, hereby states:

I.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant and all officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $107,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $12,782.58, for a total of $119,782.58.  Based on Defendant's sworn representations in his Statement of Financial Condition, dated January 8, 2013, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $49,000 of the disgorgement and prejudgment interest thereon is waived.  Defendant shall satisfy this obligation by paying $49,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joshua J. Singer as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The determination not to impose a civil penalty and to waive payment of all but $49,000 of the disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final

3

Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of the Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall each comply with all of the undertakings and agreements set forth therein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Final Judgment forthwith and without further notice.

IT SO ORDERED.

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Court

Dated: April 7, 2013