UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>GARY A. COLLYARD, COLLYARD GROUP, LLC, PAUL D. CRAWFORD, CRAWFORD CAPITAL CORP., RONALD MUSICH, JOSHUA J. SINGER, MICHAEL B. SPADINO, MARKETING CONCEPTS, INC., AND CHRISTOPHER C. WEIDES,<br><br>          Defendants. | Civil Action No. 11-cv-3656 (JNE/JJK) |

**FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION
AND OTHER RELIEF AS TO DEFENDANTS
<u>MICHAEL B. SPADINO AND MARKETING CONCEPTS, INC.</u>**

Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Commission") filed a complaint in this matter, and Defendants Michael B. Spadino ("Spadino") and Marketing Concepts, Inc. (together "Defendants") have, in their Consent hereto and incorporated herein (attached as Exhibit A), acknowledged receipt of the complaint and admitted the personal jurisdiction of the Court over them and over the subject matter thereof and, without trial, argument or adjudication of any facts or law herein, consented to the entry of this Final Judgment and Order of Permanent Injunction and Other Relief ("Final Judgment"), without admitting or denying the allegations of the complaint (except as to jurisdiction). The SEC and Defendants have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and Defendants have waived any right to appeal from this

Final Judgment.  The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

## I.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants and all officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are liable, on a joint and several basis, for disgorgement of $160,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $29,975.35, for a total of $189,975.35.  Based on Spadino's sworn representations in his Statement of Financial Condition, dated April 8, 2013, and other documents and information submitted to the Commission, however, the Court is not ordering Defendants to pay a civil penalty and payment of disgorgement and prejudgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Spadino's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the

Commission obtains information indicating that Spadino's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Spadino was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendants may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendants shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of the Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall each comply with all of the undertakings and agreements set forth therein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Final Judgment forthwith and without further notice.

SO ORDERED:

    s/Joan N. Ericksen
JOAN N. ERICKSEN
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2014