UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities and Exchange
Commission,

       Plaintiff,

v.

Gary A. Collyard, Collyard Group, LLC,
Paul D. Crawford, Crawford Capital Corp.,
Ronald Musich, Joshua J. Singer, Michael
B. Spadino, Marketing Concepts, Inc., and
Christopher C. Weides,

       Defendants.

Civil No. 11-3656 (JNE/JJK)
ORDER

In the Amended Complaint, the United States Securities and Exchange Commission (SEC) alleged that Gary Collyard and Collyard Group, LLC, had violated the Securities Act of 1933 and the Securities Exchange Act of 1934, as well as a rule promulgated by the SEC under the latter. The case is before the Court on the SEC's motion for summary judgment against Collyard and Collyard Group and motion to voluntarily dismiss its monetary claims against Collyard and Collyard Group.[1] For the reasons set forth below, the Court grants in part and denies in part the SEC's motion for

---

[1] Three days before the motion hearing was scheduled to take place, the Court received a motion for extension of time to respond from Collyard himself. Collyard and Collyard Group are represented by counsel. Their counsel has not withdrawn from the representation. *See* D. Minn. LR 83.7. Thus, the Court declines to consider Collyard's motion. *See Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001); *Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958). Even if the Court were to consider the motion, the Court would deny it because Collyard may not represent Collyard Group, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993), and he has not adequately explained his request for additional time, *see* Fed. R. Civ. P. 56(d); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856-57 (8th Cir. 2010).

1

summary judgment. The Court grants the SEC's motion to voluntarily dismiss its monetary claims against Collyard and Collyard Group.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view genuinely disputed facts in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In Count I of the Amended Complaint, the SEC alleged that Collyard and Collyard Group had violated Section 15(a) of the Securities Exchange Act of 1934, which provides that it is "unlawful for any broker . . . to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security . . . unless such broker . . . is registered . . . ." 15 U.S.C. § 78o(a)(1) (2012). A broker is "any person engaged in the business of effecting transactions in securities for the account of others." *Id.* § 78c(a)(4).

In Count II of the Amended Complaint, the SEC alleged that Collyard and Collyard Group had violated Section 17(a)(2) of the Securities Act of 1933, 15 U.S.C. §77q(a)(2) (2012).  In Count III of the Amended Complaint, the SEC alleged that Collyard and Collyard Group had violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (2012), as well as Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b). "To establish a violation of these antifraud provisions of the federal securities laws, the SEC must prove that [a defendant] made a material misstatement or omission in connection with the offer, sale, or purchase of a security by means of interstate commerce." *SEC v. Shanahan*, 646 F.3d 536, 541 (8th Cir. 2011).  In addition, to establish a violation of Section 10(b) or Rule 10b-5, the SEC must prove that the misstatement or omission was made with scienter. *Id.* at 541, 543-44.  To establish a violation of Section 17(a)(2), the SEC need only prove the defendant acted negligently. *Id.* at 541, 545-46; *Pagel, Inc. v. SEC*, 803 F.2d 942, 946 (8th Cir. 1986).

Citing Collyard's guilty plea to charges of conspiracy to commit securities fraud and conspiracy to commit bank fraud,[2] the SEC relied on collateral estoppel to establish that Collyard and Collyard Group had violated the securities laws as alleged in the Amended Complaint:

> The principle of collateral estoppel precludes a party from re-litigating an identical issue that was adjudicated on the merits in a prior proceeding.  "It is well established that prior criminal proceedings can work an estoppel in a subsequent civil proceeding, so long as the question involved was 'distinctly put in issue and directly determined' in the criminal action."

---

[2]   Collyard moved to withdraw his guilty plea.  The district court denied his motion. Collyard appealed, and the Eighth Circuit affirmed. *United States v. Collyard*, 554 F. App'x 541 (8th Cir.) (per curiam), *cert. denied*, 135 S. Ct. 292 (2014).

3

*SEC v. Gruenberg*, 989 F.2d 977, 978 (8th Cir. 1993) (per curiam) (citation omitted); *see United States v. Aleff*, 772 F.3d 508, 510 (8th Cir. 2014).  In his plea agreement, Collyard admitted that he "communicated with prospective investors and shareholders by telephone, mail, email, and in person, for the purpose of inducing those investors and shareholders to provide funds" to Bixby Energy Systems, Inc. (Bixby); that he "knowingly and willfully caused unqualified investors to be solicited to invest in Bixby in violation of federal securities laws"; that he "caused the sale of Bixby securities to investors" in exchange for investment funds; that he "made, and caused to be made, numerous material false statements, false representations, and omissions of material facts about Bixby's business project and prospects of conducting an initial public offering of Bixby shares" to entice investors; and that he and others received a significant portion of the investors' funds in the form of salaries and commissions.  It is undisputed that Collyard was neither registered as a broker nor associated with a registered broker.  Viewed in the light most favorable to Collyard, the record reveals that he violated the securities laws as alleged in the Amended Complaint.  As to Collyard, the Court grants the SEC's motion for summary judgment.

The SEC has not explained how Collyard's guilty plea establishes that Collyard Group violated the securities laws as alleged in the Amended Complaint.  To the extent the SEC moved for summary judgment against Collyard Group, the Court denies the motion.

The SEC sought permanent injunctive relief against Collyard.  *See* 15 U.S.C. §§ 77t(b), 78u(d) (2012).  To obtain a permanent injunction, the SEC must prove that

Collyard violated the securities laws and that there is a reasonable likelihood of future violations if he is not enjoined. *See SEC v. Comserv Corp.*, 908 F.2d 1407, 1412 (8th Cir. 1990). Collyard knowingly and willfully violated the securities laws over the course of many years. His conduct in the criminal case reveals a failure to acknowledge his wrongdoing. The Court concludes that a permanent injunction against Collyard is appropriate. *See Gruenberg*, 989 F.2d at 978.

Finally, citing the sentence imposed on Collyard in the criminal case, the SEC moved to dismiss its claims for monetary relief against Collyard and Collyard Group. The Court grants the motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The SEC's motion for summary judgment [Docket No. 130] is GRANTED IN PART and DENIED IN PART. Summary judgment against Gary A. Collyard is granted. Summary judgment against Collyard Group is denied.

2. The SEC's motion to voluntarily dismiss its monetary claims against Gary A. Collyard and Collyard Group [Docket No. 136] is GRANTED.

3. The Clerk of Court shall terminate Gary A. Collyard's motion for extension of time to respond [Docket No. 144].

4. Gary A. Collyard and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Securities Exchange Act of 1934.

5. Gary A. Collyard and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently enjoined from violating Section 17(a)(2) of the Securities Act of 1933 by, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

6. Gary A. Collyard and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(b) thereunder by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in connection with the purchase or sale of any security.

Dated: April 6, 2015

                                                     s/Joan N. Ericksen
                                                     JOAN N. ERICKSEN
                                                     United States District Judge