UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities and Exchange
Commission,

       Plaintiff,

v.

Gary A. Collyard, Collyard Group, LLC,
Paul D. Crawford, Crawford Capital Corp.,
Ronald Musich, Joshua J. Singer, Michael
B. Spadino, Marketing Concepts, Inc., and
Christopher C. Weides,

       Defendants.

Case No. 11-CV-3656 (JNE/JJK)
ORDER

       In its order entered December 9, 2015 ("Order"), the Court granted summary judgment against Paul D. Crawford ("Crawford") and Crawford Capital Corp. ("CCC") (collectively, "Defendants"), finding them liable for violating Section 15(a) of the Securities Exchange Act of 1934 and imposing a permanent injunction on each of them. Order 2-19, 24, Dkt. No. 184. The Court also found that Defendants were liable for disgorgement of $240,000, plus prejudgment interest, but declined to enter judgment as to these remedies until the parties had an opportunity to further brief the question of whether the $240,000 plus interest should be apportioned between Crawford and CCC or whether they should be held jointly and severally liable. *Id.* at 17-19. The U.S. Securities and Exchange Commission ("SEC") filed a supplemental memorandum arguing for the imposition of joint and several liability. Dkt. No. 191. Defendants did not respond, and the deadline for responses has passed. Order 17 n.4.

       The Court previously found that Crawford was CCC's sole owner and its only employee during the relevant time; that in violating Section 15(a), Crawford was acting in his capacity as CCC's owner and/or employee; and that CCC received most of the $240,000 in commissions

subject to disgorgement.  Order 11, 17.  In light of these facts, the Court now finds that Crawford and CCC should be held jointly and severally liable for the full amount to be disgorged, as well as for the prejudgment interest.  *SEC v. Markusen*, No. 14-cv-3395 (MJD/TNL), 2015 WL 6962840, at *13 (D. Minn. Nov. 10, 2015) ("The Court may award disgorgement on a joint and several basis when the entity is jointly owned and controlled by a single individual.") (citing *SEC v. Capital Sols. Monthly Income Fund, LP*, 28 F. Supp. 3d 887, 899 (D. Minn. 2014)); *SEC v. Quan*, No. 11-cv-723 ADM/JSM, 2014 WL 4670923, at *15 (D. Minn. Sept. 19, 2014), *amended*, 2014 WL 6982914 (D. Minn. Dec. 10, 2014) ("[W]hen an entity has received gains through unlawful conduct and its owner and controller has collaborated in the conduct and profited from the violations, the owner may be held liable by a disgorgement order on a joint and several basis.") (citing *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1475-76 (2d Cir. 1996)).

Having reviewed the prejudgment interest calculations submitted by the SEC in support of its motion for summary judgment against Crawford and CCC, and for the reasons expressed in its December 9, 2015 Order, the Court also concludes that an award of prejudgment interest in the amount of $128,692.22 is reasonable and warranted to prevent these Defendants from profiting from their Section 15(a) violations.  *See* SEC Br. Ex. 46, Dkt. No. 166-3; Order 17-19.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants are jointly and severally liable for disgorgement of $240,000, together with prejudgment interest in the amount of $128,692.22.

2. Defendants shall satisfy this obligation by paying disgorgement of $240,000 and prejudgment interest of $128,692.22 to the SEC within 14 days after entry of this Judgment.

3. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made

   directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

   and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Crawford or CCC (as applicable) as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

4. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.  The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

5. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall jointly and severally pay postjudgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

6. The Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the terms of this Judgment.

7. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Judgment forthwith and without further notice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2016                    s/ Joan N. Ericksen
                                           JOAN N. ERICKSEN
                                           United States District Judge